UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAYMIE ROBINSON,

          Plaintiff,

v.                                Case No. 3:24-cv-1092-BJD-PDB

OFFICER MCKEN et al.,

          Defendants.
_____

## ORDER

    Plaintiff, Jaymie Robinson, a detainee at the Duval County Pretrial Detention Center ("PTDC"), initiated this action *pro se* by filing a complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. 1). He is proceeding *in forma pauperis*. *See* Order (Doc. 4). In his complaint, Plaintiff names five Defendants (three corrections officers, the sheriff, and a chief) based on an incident that occurred on May 10, 2024, at the PTDC. *See* Doc. 1 at 3–4. He alleges officers Guyton, Gladden, and McKen used force against him unnecessarily, causing injuries, including sore ribs and a swollen eye. *Id*. at 5–6.

    Under the Prison Litigation Reform Act ("PLRA"), a district court must dismiss a complaint or any portion of the complaint if the court determines it

is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. But liability under § 1983 may not be based on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). In other words, a claim under § 1983 must be based on something more than the fact that a supervisor, such as a sheriff, employed an individual who violated the plaintiff's constitutional rights. *Id.* A claim against a supervisor may proceed only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Plaintiff asserts no factual allegations against Sheriff T.K. Waters or Chief O'Neal. Rather, he appears to have named these individuals as Defendants only because they are supervisors of corrections officers who allegedly harmed him. Because Plaintiff may not proceed against supervisory Defendants under § 1983 based purely on a theory of vicarious liability, any purported claims against Sheriff Waters and Chief O'Neal will be dismissed. Plaintiff's other claims will proceed at this juncture.

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Sheriff T.K. Waters and Chief O'Neal are **DISMISSED without prejudice**, and the **Clerk** shall terminate these Defendants as parties to this action. The Court will direct service of process on the remaining Defendants after Plaintiff provides service copies of his complaint.

2. By **December 2, 2024**, Plaintiff shall submit to the Clerk of Court three copies of the complaint for service of process on the remaining Defendants. Plaintiff's failure to comply may result in the dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Jaymie Robinson